*LAFON'S EXECUTRIX* vs. *GRAVIER* & *AL.*

APPEAL from the court of probates.

East'n District.
*May*, 1823.
MartinN.S.
1ns243
44 331
LAFON'S EX'TX
*vs.*
1ns243
GRAVIER & AL
108 212

PORTER, J. delivered the opinion of the court. This action was commenced by Pierre Lafon, who has deceased during its pendency. It has been revived and carried on in the name of his heir and executrix.

The petitioner stated that he was instituted by the last will and testament of his brother, the late B. Lafon, his sole and universal heir; that the defendants, though the period given by law for the gestion of the affairs of the estate had expired, refuse to render their account as executors, and are about to sell a portion of the property of the succession to his great injury. He prays an injunction against the sale; that he may be admitted to establish his quality as heir; that the defendants should be ordered to account; that they be prohibited from any further administration of the estate, as their capacity of executors had ceased; and that they be decreed to surrender up all property in their hands.

The defendants pleaded the general issue. That the petitioner is not the Pierre Lafon instituted as heir in the will of B. Lafon, or if

A continuance should never be granted on an allegation of a want of testimony, unless its materiality is shown, diligence to procure it, and the expectation that it will be had.

A witness is not incompetent, because he is in the service of one of the parties and receives a salary, nor because he may receive some benefit from the trial.

If the party who has a right to resist the introduction of parol testimony, introduces it himself, he cannot afterwards object to the evidence which it furnishes.

Oral proof may be introduced to establish the identity of a person who sues as the heir instituted in a testament.

Ambiguity arising from matter *dehors* the instrument may

East'n District.
May, 1823.

LAFON'S EX'TX
vs.
GRAVIER & AL

be explained by parol testimony.

An executor cannot, because he has been unable to liquidate the estate within a year, refuse to give it up to the heir after the expiration of that time.

He may retain it for a longer time if he is so authorized by the will.

But cannot refuse to render an account at the end of the year.

An injunction cannot be granted unless bond and security is given.

he be, he is barred from demanding any account, because in the month of November then last past, he unlawfully, and forcibly took away all the books, titles, and papers, belonging to the estate, and also those necessary to establish the credits to which the executors are entitled.

That there is another suit pending between the parties, in which the present defendants have sued the plaintiff in regard to the papers forcibly taken by them, and that this case cannot be decided until that is concluded.

That the year and the day allowed them by law to settle the affairs of the succession had not expired.

And that the injunction was wrongfully granted, inasmuch as the character of the heir at whose suit it issued is in contestation.

The court below gave judgment, recognizing the plaintiff, as the heir instituted in the testament, and directing the defendants to account. They appealed.

There were several bills of exceptions taken on the trial. The first was to the court proceeding to try the cause, although a commission had issued to take the testimony of a witness residing in the parish of Plaquemine.

The facts necessary to a proper understanding of this decision, so far as we can gather them from the record, are, that the cause was fixed for trial on the 4th of January, and that the trial commenced on that day; that on the 23d of the same month, the counsel for defendants moved for a commission to take testimony returnable on the 1st of February; that on the 8th, the cause was called, and the examination of proof again gone into, and that the defendants then moved that the trial might be postponed until the return of the dedimus. These facts do not enable us to say the court erred. For, admitting that the defendants were hurried, (though the progress of the trial, and the circumstances attendant on it, do certainly exclude any such idea,) still that is not enough to authorize us to conclude the continuance was improperly refused. Courts should never postpone a trial on an allegation of a want of testimony, unless its materiality is shown by affidavit or otherwise, the exercise of diligence to procure it, and the expectation that it will be had. The first and last of these requisites were not shown, and the second is very doubtful. In the case of *Rousseau* vs. *Henderson*, we held that a continuance

East'n District.
*May,* 1823.

LAFON'S EX'TX
*vs.*
GRAVIER & AL

could not be granted after the trial had been gone into, and evidence heard. 12 *Martin,* 636.

The second, was to the admission of a witness named Peyre, on the ground that he was interested. We think it unsupported. The witness swears that he has no interest in the event of the suit, and the facts drawn from him on cross examination, and disclosed by other witnesses, do not contradict his assertion. The circumstance of a person offered to testify being in the service of one of the parties, and receiving a salary, is not of itself a cause of exclusion, although it may according to circumstances affect his credit. Nor is it an objection to the competence of a witness, that he may have wishes, or a strong bias on the subject matter of a suit, or that he may expect some benefit from the result of the trial. Such circumstances may influence his mind, and diminish the confidence which would otherwise be placed in his declarations, but they do not disqualify him from testifying. *Phillips on Ev.* 39; *Am. ed.* 1820.

The third bill of exceptions was taken to the decision of the court permitting parol testimony, to establish the death of Pierre Lafon the father of the testator, and to prove that

J. Pierre Lafon was the brother mentioned in

the will. Upon the correctness of that opinion turns the principal question which the cause presents.    In regard, however, to the right of the plaintiff to prove the death of the father by verbal evidence, we have found it unne-cessary to form, or express any positive opi-nion.    For, as the witnesses produced by the defendants have been examined by them, and have deposed to that fact; the objection that the loss of the higher evidence must be es-tablished, before you can resort to the inferior, does not of course apply.

In respect to that part of the exception, which goes to receiving parol testimony to prove that the plaintiff is the same person mentioned in the will, we have had little or no difficulty.    The objection, as taken on the trial, presents the question in too narrow a point of view.    If no other evidence was proper on the issue now joined, but written evidence, it is clear that the declarations of witnesses could not be received, without first establishing according to law, the loss of these papers, to the contents of which, they deposed. But this we think quite foreign to the true in-quiry.    We consider it wholly unnecessary

for the plaintiff to show that the person named in the will is the brother of the testator, that point he himself has settled by the declaration in the testament, of their fraternity. It is not whether Pierre Lafon, is the brother of B. Lafon, but whether the plaintiff in this cause is the same Pierre Lafon who is instituted heir, of which proof is required. Now, for this purpose, parol evidence is as good as any other; nay it is nine times out of ten the only kind that can be satisfactory. Where a person has died leaving no heirs who are known, the register of births and deaths in countries where such registers are preserved, is perhaps the best evidence that the deceased had heirs, and what are their names. But where these facts are already established, and the question is that of identity alone, the extract from the register affords no information, it is a document which any one might procure.

The judge erred, in admitting as evidence a memorandum or note of certain papers delivered by plaintiff to his lawyers; but as the case is before us on the whole of the evidence, and as this document will not in any respect influence our opinion on the merits, it is unnecessary on this ground to remand the cause.

East'n District.
May, 1823.

LAFON'S EX'TX
vs.
GRAVIER & AI.

He did not err in suffering letters and papers, contained in a bundle, which had once been in the hands of the executors, to be read in evidence. If any, which the envelope once contained were wanting, it might furnish a just ground of suspicion that those which were kept back proved something against the interest of the party who offered them, and that little weight was to be given to those produced; but it certainly was no ground for rejecting them entirely.

The settling these questions brings us to the merits.

As in our opinion the parol testimony was properly received to prove that the plaintiff was the person instituted as heir in the last will and testament of the late B. Lafon, the next inquiry is as to its effect; before that inquiry is gone into, it is proper to state that the difficulty which arose in this case, between the petitioner and the executors, proceeded from the father of the deceased having been twice married, and leaving two sons—viz. the appellee, who is called Jean Pierre Lafon, and the other, Pierre Guillaume Lafon; the former being full, and the latter half brother of the

East'n District.  deceased.  The defendants contend that Pierre
    *May*, 1823.    Guillaume Lafon is the instituted heir.

LAFON'S EX'TX         The evidence taken on the issue, consisting
     *vs.*
GRAVIER & AL      of parol proof and written documents, is vo-
luminous; and it is not in our power to abridge
it, and convey clearly, the impression which
results from a perusal of the whole.   After a
very attentive examination of it, we have not
the slightest doubt of the correctness of the
conclusion to which the court of the first in-
stance came, that it was Jean Pierre Lafon, the
brother of the full blood, that the testator in-
stituted his heir.   The family correspondence
and oral testimony, both establish that he was
known as, and called Pierre Lafon—it is
proved that the deceased addressed him letters
at his residence in France, by that name, and
various circumstances go to show that he was
more present to the testator's mind, and held
a higher place in his affection, than the bro-
ther of the half blood.   Were the evidence
such as to leave the matter doubtful, we
should presume that B. Lafon intended to
prefer a descendant from the same father and
mother, to a relation who had only half the
claim to his attachment.   But we do not wish
to be understood as putting our decision on

that ground; for the other evidence preponderates in the scale, into which nature has thrown her weight.

Before we quit this part of the case, we think proper to remark that the defendants' objection against parol evidence being received, because there is no ambiguity on the face of the will, has been considered by us, and agreeing fully with them as to the fact, we can by no means accede to the conclusion they have drawn from it. It is precisely because the ambiguity does not appear on the face of the will, but arises from matter *dehors* that instrument, that we think the evidence was properly received. The books of evidence divide ambiguities into two kinds; the one is called *ambiguitas latens*; the other, *ambiguitas patens*. The first is explained to be that which arises from some collateral matter, out of the instrument, and all the authorities admit it, may be explained by parol testimony. The illustration of this rule given in *Phillips' Evidence*, is almost the very case now under consideration. *Phillips on Ev. (ed. 1820) 468.*

Nor have we overlooked the law of the *Partidas*, relied on by the appellants that the institution of the heir should be certain. Of

this there is no doubt, but *id certum est, quod certum reddi potest*, and we cannot say that the instituion is void, by reason of the greater or less difficulty, we have in arriving to that certainty. If we adopted the construction which the appellants seem to consider the sound one, nothing more would be required to annul the institution of heir in a will, than raising a contest on the certainty of the person named as such.

The defendants next object that the year and the day given by law to executors to settle the estate confided to them, had not expired when the suit was brought. On this head the evidence shows, that Gravier took out letters testamentary on the 2d October, 1820, Poumairat on the 20th February, 1821, and that the action was not commenced until the 30th day of May of the next year. The appellants contend that they did not get possession of the estate until the 6th April, and that they had many difficulties, arising from the confused state in which they found the succession, to encounter; so that they have not been able to bring it to a close. This may be; but it is our opinion that in an ordinary case, the circumstance of an executor having

suits to bring repecting portions of the property, and meeting with difficulties in liquidating the claims of the estate, does not authorize him to retain possession from the heir for a longer period than one year. *Civil Code*, 166, 224.

But the appellants urge that, however the doctrine may be, in regard to cases where the testator has appointed no particular time for the executor to discharge the duties required of him in the will, it is different where, as in the present case, an indefinite period is assigned him. In support of this exception, they rely on the testament, in which the testator declares that it is his desire, his executors shall fulfil all the directions of his will, and liquidate entirely his succession, and therefore he extends the year of their executorship, as long as it may be necessary to accomplish these objects. We agree with the appellants that these directions must be obeyed, and that the appellee who takes under the will, can take in no other manner but that which this instrument points out. *Febrero*, 1, *chap.* 1, *sec.* 6, *no.* 96. *Par.* 6, *tit.* 2, *l.* 5. But the difficulty here is in ascertaing what time is necessary, or whether the executors have

East'n District.
May, 1823.

LAFON'S EX'TX
vs.
GRAVIER & AL

faithfully made use of that which has elapsed since the death of the testator. The evidence furnishes us with no information on that head, and we are therefore unable to act upon it.

The testator having fixed no time for the executors to render their account, and the direction of the law being imperative that they shall do it in a year, we think the court below did not err in directing them to render it. It is a satisfaction which the heir has a right to require in any case, and will be particularly useful in this, since it will greatly aid the court in the investigation it will have to make into the right of the executors to retain the estate any longer in their hands.

And we are of opinion that they cannot be dispensed with rendering this account, upon an allegation that the plaintiff has taken certain papers from them, unless they show specifically what these papers are. Besides, on rendering their account in the court below, if they can prove that papers material to their defence, are retained by the heir, he will be compelled to produce them.

The act of the Legislature of 1817, having in positive terms declared, that no injunction shall be granted to deprive any person from

the free disposal or use of the property in his East'n District. *May*, 1823. actual possession, without the party applying for it shall give bond and security; we think the judge erred in directing that writ to issue without bond and security.

LAFON'S EX'TX
*vs.*
GRAVIER & AL

It is therefore ordered, adjudged, and decreed, that the judgment of the court of probates be annulled, avoided, and reversed, and it is further ordered and decreed, that the plaintiff be admitted heir to Bartholomew Lafon, deceased, that the defendant do account with him as such—that this case be remanded to the court of probates, for the rendition of said account, and in order that such other and further proceedings may be had in the case, as will enable the court to render a final judgment therein. And it is also ordered and decreed, that the injunction granted in the case be dissolved, and that the appellee pay the costs of this appeal.

*Moreau-Lislet* for the plaintiffs, *Young* for the defendants.